**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 29, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60631
Summary Calendar

BRIAN F. HOGAN,

Plaintiff-Appellant,

versus

ROBERT L. JOHNSON, COMMISSIONER, MISSISSIPPI DEPARTMENT Of
CORRECTIONS; EMMITT L. SPARKMAN, Superintendent, Mississippi
State Penitentiary; ETHEL CARLIZE, Disciplinary Chairperson;
GORMILLA, Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:02-CV-152-P-A
--------------------

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Brian F. Hogan, Mississippi prisoner #67383, appeals from the
dismissal of his 42 U.S.C. § 1983 action for failure to state a
claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Hogan argues
that the district court erred by dismissing his action for failure
to state a claim.  He argues that he did not receive due process
and that he did identify a cognizable liberty interest because his

---

[1]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

disciplinary hearing resulted by operation of prison policy in additional time being added to the period he already was serving in administrative segregation.

The Due Process Clause was not implicated by the 30 days' loss of privileges Hogan alleged he received as punishment at his disciplinary hearing. To the extent that any extension of Hogan's time in segregation resulting from the disciplinary hearing might be actionable in Hogan's challenge to the hearing, there is no protected liberty interest against segregated confinement. *Sandin v. Conner*, 515 U.S. 472, 484, 486 (1995). The dismissal of Hogan's action for failure to state a claim was not erroneous.

Hogan's appeal is without arguable merit and is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of Hogan's action and this court's dismissal of his appeal each count as a "strike" against Hogan for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). This court previously dismissed one of Hogan's appeals as frivolous. *Hogan v. Nobles*, No. 99-60295, 2 (5th Cir. Oct. 17, 2000) (unpublished). Hogan thus has three "strikes" and he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED. 5TH CIR. R. 42.2. 28 U.S.C. § 1915(g)
SANCTION IMPOSED.